UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEITH RUSSELL JUDD,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:07-0828** |
| v. | : | (MUNLEY, D.J.) |
| | | (MANNION, M.J.) |
| **LISA MANTHEY & ACTING WARDEN, LSCI ALLENWOOD,** | : | |
| | : | |
| **Respondents** | | |

## REPORT AND RECOMMENDATION

Before the court is the pro se relator's petition for writ of habeas corpus, which was filed on May 7, 2007. (Doc. No. 1.) The relator brings his petition under 28 U.S.C. § 2241. He argues that the transfer initiated by Case Manager Lisa Manthey on August 3, 2006, from the Federal Correctional Institution–Low, in White Deer, Pennsylvania, to the Federal Correctional Institution–Low, in Beaumont, Texas, violated the prohibition against transferring a relator "[p]ending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner."[1] FED. R. APP. P. 23(a).

The claim stems from the relator's habeas petition filed with this court in Civ. No. 05-1198. The court dismissed the petition as meritless on July 26, 2006. On August 3, 2006, the relator filed a notice of appeal. On August 9, the

---

[1] The relator also challenges Ms. Manthey's "plac[ing] a Public Safety Factor in violation of the Rehabilitation Act of 1973." Because of the paucity of the factual and legal background provided by the relator on this claim, the court will, by separate order, direct the relator file an amended petition elaborating on the claim.

relator filed a second notice of appeal. On November 22, 2006, the Third Circuit informed the court that it would take no action with respect to the appeals (or the appeals in three other cases) because the relator had failed to comply with an order that enjoined the relator from appealing any habeas decisions without prior certification to, and authorization from, the Third Circuit.  In re Keith Russell Judd, C.A. No. 05-8000 (3d Cir. Mar. 4, 2005). On December 19, 2006, the relator filed a third notice of appeal.  The Third Circuit informed the court on December 28, 2006, that it would not consider the appeal.

The court has preliminarily considered the petition pursuant to 28 U.S.C. §2243, which provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

(Emphasis added.)  Bearing in mind that a pro se litigant's pleading is held to a less stringent standard than a pleading drafted by an attorney, see Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)), the court nonetheless recommends that the petition be dismissed sua sponte with respect to the claim concerning his transfer because of the relator's failure to state a cognizable habeas claim.  See 28 U.S.C. §2243; Lonchar v. Thomas, 517 U.S. 314, 320 (1996) ("[A] district court is authorized to dismiss a petition summarily when 'it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief

2

in the district court' . . . .") (quoting Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985).  There is no basis for his contention that he was transferred during the pendency of his appeal.  He failed to appeal the dismissal in accordance with the Third Circuit's order, which means that there was nothing pending for the Circuit's review.  Thus, his notice of appeal was invalid and did not lodge an appeal.

In addition, the court notes that the only proper respondent generally is the relator's immediate custodian, that is, the warden, and not any other prison personnel.  See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004).  Thus, Ms. Manthey is improperly named as a party to the case.

On the basis of the foregoing, **IT IS RECOMMENDED THAT**:

(1).   the relator's petition for writ of habeas corpus be **DISMISSED** as to the relator's claim that the respondents improperly transferred him in violation of Rule 23 of the Federal Rules of Appellate Procedure; and,

(2).   Ms. Manthey be **DISMISSED** as a respondent, as improperly named.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

Date: May 24, 2007

O:\shared\REPORTS\2007 Reports\07-0828.01.wpd

3