IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH RUSSELL JUDD,  :  No. 3:07cv828
        Petitioner  :
          :  (Judge Munley)
          :
        v.  :
          :
LISA MANTHEY, and  :
ACTING WARDEN, LSCI  :
ALLENWOOD,  :
        Respondents  :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

     Before the court are petitioner's objections (Doc. 8) to Magistrate Judge Malachy E. Mannion's report and recommendation (Doc. 5) in the instant *habeas corpus* petition, which proposes that we dismiss relator's *habeas corpus* claim that respondents transferred him in violation of Rule 23 of the Federal Rules of Appellate Procedure and dismiss his claim against Respondent Manthey as improperly named. Having been fully briefed, the matter is ripe for disposition.

**Background**

     Petitioner challenges, in part, his transfer from one federal penitentiary to another. On August 3, 2006 Respondent Lisa Manthey initiated petitioner's transfer from the Federal Correctional Institution-Low in White Deer, Pennsylvania to the Federal Correctional Institution-Low in Beaumont, Texas. On May 7, 2007, petitioner filed a *habeas corpus* petition pursuant to 28 U.S.C. §2241. He alleged that this transfer violated Federal Rule of Appellate Procedure 23(a), which prohibits

transfer of a prisoner "[p]ending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner."

The claim grows out of petitioner's petition for *habeas corpus* filed with this court on June 15, 2005.  See Judd v. Hogsten, Civ. No. 05-1198 (M.D. Pa. 2005). We dismissed the petition as meritless on July 26, 2006.  (See Civ. No. 05-1198 (Doc. 98)).  Petitioner filed a notice of appeal on August 3, 2006 (Id. at Doc. 99). After the court denied petitioner's motion for reconsideration (Id. at Doc. 102), he filed a second such notice on August 9, 2006 (Id. at Doc. 103).  On November 22, 2006 the Court of Appeals for the Third Circuit notified the Clerk of Court for this court that it would not consider plaintiff's appeals in the instant case.  (Id. at Doc. 108).  The Appeals Court concluded that petitioner had not complied with the terms of an injunction issued on March 4, 2005, and that this failure foreclosed the Court from taking any action.  (Id.).  Attached to that letter was a copy of the March 4, 2005 injunction.  (Id. at Doc. 108-2).  There, the court declared "that Keith Russell Judd is hereby enjoined from filing, without prior authorization of this Court, any appeal, petition for writ of mandamus, motion to reopen, petition for rehearing, or 28 U.S.C. § 2244 application in habeas actions related to" convictions in New Mexico state court and Texas federal court.  (Id.). The Court ordered Judd to certify that "(1) the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court; (2) he believes the facts alleged in his action to be true;

2

and (3) he knows of no reason to believe his claims are foreclosed by controlling law." (Id.). The court also warned Judd that failure to abide by those conditions could lead him to "be found in contempt of court and punished accordingly." (Id.).

On December 19, 2006, petitioner filed another notice of appeal in the 2005 case. (Id. at Doc. 112). This appeal concerned a court order denying a motion for a preliminary injunction to prevent his transfer to federal prison in Texas pending the outcome of petitioner's appeal of the decision in the underlying case. (Id. at Doc. 111). The Court of Appeals again notified the Clerk of Court that no action would be taken on petitioner's appeal until he provided the required certification of merits. (Id. at Doc. 113). On June 11, 2007, petitioner filed a petition for authorization to proceed on his appeal (Id. at Doc. 114). On July 20, 2007, the Court of Appeals issued a decision on petitioner's request to proceed with his appeal in the case. The court denied the request, finding that petitioner's appeals were "ultimately challenges to the imposition and implementation of his sentences," issues which "Mr. Judd has litigated, or attempted to litigate, time and time again." (Memorandum and Opinion (Doc. 115-2) at 3-4). Noting that the court's earlier injunction had "not deterred Mr. Judd from filing notices of appeal unaccompanied by the required certifications," the court found petitioner in contempt of court and fined him $750. (Id. at 4,6). The court also prohibited petitioner from filing "any type of complaints, motions, pleadings, amendments, appeals, petitions, applications or any other type of action or filings in the courts of the Circuit" until he paid the fine. (Id. at 6).

3

In the instant case, Magistrate Judge Mannion gave the petition for *habeas corpus* a preliminary screening as required by 28 U.S.C. § 2243. (Civ. No. 07-828 (Doc. 5) at 2). Magistrate Judge Mannion found that petitioner's claim should be dismissed with respect to his complaint about his transfer. He found that plaintiff had not complied with the court's order before filing his notice of appeal. As a result, no appeal was pending at the time of his transfer, and petitioner had no claim on that issue. Magistrate Judge Mannion also recommended that we dismiss Respondent Manthey from the case. The only proper respondent in such a case, the magistrate judge found, is the relator's immediate custodian. Since that party was the warden, not a case manager like Manthey, she should not be a party to the case. Magistrate Judge Mannion also concluded that plaintiff had not adequately pled one of his complaints, and ordered the filing of an amended petition.

Petitioner then filed objections to the magistrate judge's report, bringing the case to its present posture.

**Jurisdiction**

As this case was brought pursuant to 28 U.S.C. 2241, we have jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report

4

to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

For those portions of the report and recommendation to which no objections have been filed, we must determine whether a review of the record evidences plain error or manifest injustice. See, e.g., Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983); Fed. R. Civ. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); 28 U.S.C. § 636(b)(1).

**Discussion**

The petitioner objects to each of the Magistrate Judge's findings on various grounds. We will address each finding in turn.

### i. Plaintiff Had Not Properly Appealed His Case and Could be Transferred

Federal Rule of Appellate Procedure 23(a) establishes that "[p]ending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge in the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule." Petitioner was transferred after he filed a notice of appeal

in his 2005 case before this court. The magistrate judge found, however, that because plaintiff had not complied with the Court of Appeal's order that he seek permission before filing an appeal, no appeal was pending when his transfer occurred. We agree. The Court required plaintiff to seek approval before filing a notice of appeal. When plaintiff failed to file this request for approval, the court refused to act. Plaintiff did not seek permission to file the appeal until July 11, 2007, long after his transfer occurred. He therefore had no pending appeal when the prison transferred him. Accordingly, we will adopt the magistrate judge's finding that plaintiff's transfer did not violate Federal Rule of Appellate Procedure 239(a).

### ii. Lisa Manthey is Not a Proper Respondent

The Magistrate Judge concluded that only the warden of a prison could be named in a habeas corpus action, and petitioner objects to this finding. We agree with the magistrate judge. The Supreme Court has found that "[i]n habeas challenges to present physical confinement–'core challenges'–the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Since the warden of the prison, not a case worker like Manthey, has "'the ability to produce the prisoner's body before the habeas court," the warden is the proper party to such an action. Id.   We will therefore adopt the report and recommendation on this point and dismiss Respondent Manthey from the case.

**Jurisdiction**

In addition to the magistrate judge's findings, we conclude that we do not have jurisdiction to hear the petitioner's remaining *habeas corpus* claim. Federal courts are courts of limited jurisdiction, and thus have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a case. Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1049 (3d Cir. 1993) cert denied sub nom Upp v. Mellon Bank N.A., 510 U.S. 964 (1993). In fact, it is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Moreover, federal courts have the obligation to address the question of subject matter jurisdiction *sua sponte*. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999); see generally Nelson v. Keefer, 451 F.2d 289, 293-95 (3d Cir. 1971) (finding that the federal judiciary has been too cautious in addressing the large number of cases which do not belong in federal courts).

The Supreme Court has concluded that "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'" Padilla, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). As a result, the statute requires "'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" Id. (quoting Braden v. 30 th Judicial Circuit Court of Kentucky, 410 U.S. , 495 (1973)). Here, the petitioner is incarcerated in Beaumont, Texas. He is therefore not in the custody of anyone in the Middle District of Pennsylvania, and we lack jurisdiction to hear his *habeas* claim.

Plaintiff's remedy for his allegedly unlawful custody does not lie with this court. We will accordingly dismiss the case for want of jurisdiction.

**Conclusion**

For the above-stated reasons, we will adopt the report and recommendation of the magistrate judge and remand the case for further proceedings. Because we do not have jurisdiction over this action, we will also dismiss the case. An appropriate order follows

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEITH RUSSELL JUDD,** | : | No. 3:07cv828 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **LISA MANTHEY, and** | : | |
| **ACTING WARDEN, LSCI** | : | |
| **ALLENWOOD,** | : | |
| Respondents | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 19th day of October 2007, petitioner's objections (Doc. 8) to the Magistrate Judge Mallachy E. Mannion's report and recommendation (Doc. 5) are hereby **DISMISSED**. The report and recommendation is **ADOPTED**. Because this court lacks jurisdiction to hear petitioner's claim, the case is **DISMISSED**. The Clerk of Court is directed to **CLOSE** the case.

                                              **BY THE COURT:**

                                              **s/ James M. Munley**
                                              **JUDGE JAMES M. MUNLEY**
                                              **United States District Court**